

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-78,621-03

### EX PARTE NAZIR FRENCH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 889956-B IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated sexual assault and sentenced to forty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *French v. State*, No. 01-02-00775-CR (Tex. App.—Houston [1st Dist.] Apr. 1, 2004) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises actual innocence and false evidence claims based on the complainant's recanting affidavit. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Elizondo*, 947 S.W.2d 202, 206 (Tex. Crim. App. 1996); *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). Accordingly, the record should be developed. The trial court is the

appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). We believe that in recantation cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which, at a minimum, the complainant shall be called to testify. It appears that Applicant is represented by counsel. Before the trial court holds a hearing, it shall determine whether Applicant is represented by counsel. If he is not, the trial court shall determine whether he is indigent. If Applicant is indigent, not represented by counsel, and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law addressing whether the complainant's affidavit presents a previously unavailable factual basis for Applicant's claims. TEX. CODE CRIM. PROC. art. 11.07 § 4. The trial court shall also make specific findings addressing the credibility of the complainant's affidavit and testimony. The trial court shall also make specific findings addressing the merits of Applicant's actual innocence and false evidence grounds for relief. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: January 13, 2021
Do not publish